UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CRUMP,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:13-cv-1091
(Criminal Case No. 1:09-CR-73)

HON. GORDON J. QUIST

## **OPINION**

Petitioner, Dennis Crump, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner previously filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. *See Crump v. United States*, No. 1:12-CV-768 (W.D. Mich.). On August 5, 2013, this Court entered an Opinion and a separate Order and Judgment dismissing Petitioner's § 2255 Motion as barred by the one-year statute of limitations. Petitioner did not appeal the Order and Judgment. Instead, Petitioner filed the instant petition under § 2241 on October 3, 2013, and filed an amended petition on October 18, 2013. Petitioner's amended § 2241 petition raises essentially the same ineffective assistance of counsel claims that Petitioner raised in his time-barred § 2255 Motion.

Section 2255(e) provides, in relevant part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [§ 2255] motion . . . shall not be entertained if it appears that . . . such court has denied him relief . . . ." Because the Court has already denied Petitioner relief under § 2255, Petitioner may not seek relief through a habeas corpus petition.

Section 2255(e) does provide an exception when "it also appears that the remedy by motion is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). However, Petitioner cannot show that his § 2255 remedy is inadequate or ineffective. "A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate." *Barnes v. Booker*, 116 F. App'x 560, 561 (6th Cir. 2004) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Moreover, Petitioner does not make a claim of actual innocence. *See Reminsky v. United States*, 523 F. App'x 327, 328 (6th Cir. 2013) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255.") (citing *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003), and *Peterman*, 249 F.3d at 461–62).

Therefore, Petitioner's petition for writ of habeas corpus under § 2241 must be dismissed for lack of subject matter jurisdiction. *See Id.* at 329.

An Order consistent with this Opinion will enter.

Dated:  November 5, 2013  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE